## Holland v. Werhun

Before Flannery, Pinola and Lewis, JJ.

*Richard A. Kane,* for plaintiffs.

*Arthur D. Dalessandro,* for defendants.

LEWIS, J., September 19, 1960.—This matter comes before the court on a rule granted on defendants, and the board of arbitrators, to show cause why the arbitrators' award should not be stricken or, in the alternative, to show cause why the board of arbitrators should not reconvene and fully arbitrate the matter.

The matter came before argument court on petition and answer. Depositions were not taken.

The crux of plaintiff's contention is that the arbitrators entered a compulsory nonsuit. Boards of arbitration have no such power in the law: Talhelm v. Buggy, 9 D. & C. 2d 482.

Our examination of the award of the board fails to indicate that a nonsuit was entered. In fact, the form award contains the following insertion by the board: "Judgment for the defendants."

If the record were devoid of any other indication of what transpired at the hearing before the board, we would be obliged to accept the arbitrators' language as evidencing an ordinary award after full hearing. However, in reaching our decision. we have the benefit

of the allegations contained in the petition and the responsive answer.

Following the filing of the petition and grant of the rule, which was made returnable sec. leg., defendants filed a responsive answer in which they denied that the board of arbitration entered a nonsuit, and asserted on the contrary that defendants, after being requested by the board to produce testimony, rested their case without submitting any evidence or testimony. Defendants further aver that the arbitrators' award, on its face, states a verdict for defendants.

This matter was ordered upon the argument list upon praecipe of plaintiffs' counsel. Pa. R. C. P. 209 provides that where the moving party orders the cause for argument on petition and answer, all averments of fact responsive to the petition and properly pleaded in the answer shall be deemed admitted for the purpose of the rule.

In accordance with the provisions of rule 209, therefore, we believe we must accept as being admitted, defendants' averment that they rested their case without submitting any evidence or testimony, and their averment, bolstered by the form of the award, that a compulsory nonsuit was not entered.

We know of no requirement in the law that a defendant must testify or submit evidence. If a defendant wishes to take his chances on the inadequacy of the case of plaintiff, he may do so. If plaintiffs' case might have been aided by testimony of defendants, the clear right of calling defendants as of cross-examination was available. Having failed to so avail themselves, they cannot now be heard to complain.

It appears to us that in these proceedings plaintiffs have misconstrued their remedy. If they were aggrieved by the award of the arbitrators, in these circumstances their remedy was by way of appeal.

Now, therefore, rule discharged.